IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In the Bankruptcy Matter of:

Heidi Brown-Polk

         Debtor

Bankruptcy No. 19-02277
Judge LaShonda A. Hunt
Chapter: 13

## NOTICE OF FILING

TO:    Heidi Brown-Polk, 932 E. 46th St., Chicago, IL 60653
         Marilyn O. Marshall, 224 South Michigan Ste 800, Chicago, IL 60604
         Jordan TraVaille Hoffman, 2711 E. New York St., Suite 205, Aurora, IL 60502
         Patrick S Layng, Office of the U.S. Trustee, Region 11, 219 S Dearborn St, Room 873, Chicago, IL 60604

Please take notice on April 12, 2019, the attached Response to Objection to Claim was electronically filed with the Clerk of the Bankruptcy Court for the Northern District of Illinois.

## CERTIFICATE OF SERVICE

I, Kenneth W. Bach, an attorney certify that I served the attached Response by mailing a copy to the Debtor at the address listed above by depositing the same in the U.S. mail, first class, postage prepaid at 230 W. Monroe, Chicago, IL 60606 on or before 5:00 p.m. on April 12, 2019. The remaining parties were served by the CM/ECF electronic noticing system.

                                          /s/ Kenneth W. Bach
                                          Kenneth W. Bach, ARDC #6295816
                                          Attorney for Deutsche Bank National Trust
                                          Company, as Trustee,in trust for registered Holders
                                          of Long Beach Mortgage Loan Trust 2006-WL2,
                                          Asset-Backed Certificates, Series 2006-WL2

Kenneth W. Bach
Johnson, Blumberg, & Associates, LLC
230 W. Monroe Street, Suite 1125
Chicago, Illinois 60606
Ph. 312-541-9710
Fax 312-541-9711

**NOTICE:**
THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In the Bankruptcy Matter of: | Bankruptcy No. 19-02277 |
| Heidi Brown-Polk | Judge LaShonda A. Hunt |
| | Chapter: 13 |
| Debtor | |

### RESPOSNE TO OBJECTION TO CLAIM

NOW COMES Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2006-WL2, Asset-Backed Certificates, Series 2006-WL2 (hereinafter "Creditor"), through its attorney, Kenneth W. Bach of Johnson, Blumberg & Associates, LLC, and states as follows:

1. The above-captioned Chapter 13 case was filed on January 27, 2019.

2. Creditor filed its claim on February 28, 2019.

3. Creditor's claim included the required standard form 410A attachment, which stated that the post-petition payment amount would be $1,435.65, comprised of $854.94 for principal and interest and $580.71 for escrow. (A copy of the 401A Attachment is attached hereto as Exhibit A.)

4. Creditor's claim included an escrow statement as required by FRBP 3001(c)(2)(C). The escrow statement indicated that the estimated escrow disbursements over the next year would be $6,968.46 and that the monthly escrow payment would be $580.71 (which is $6,968.46 divided by 12 months), the same amount stated on the form 410A attachment. The escrow statement indicated that there was no escrow shortage payment; the entire escrow payment amount was one-twelfth of the expected disbursements for the year. (A copy of the escrow statement is attached hereto as Exhibit B.)

5. Pursuant to FRBP 3001(f), a proof of claim executed and filed in accordance with the applicable rules constitutes prima facie evidence of the validity and amount of the claim.

6. The Debtor filed her objection to Creditor's claim on April 5, 2019.

7. The Debtor's objection asks the Court to reduce the post-petition payment to $1,132.00, alleging that "the increase in the post-petition mortgage payment by Deustche Bank appears to be an attempt by it to collect pre-petition escrow payments which are properly paid as a part of the Debtor's Chapter 13 plan."

8. As plainly indicated by the escrow statement, none of the escrow payment amount is attributable to any escrow liability incurred pre-petition. Each escrow payment represents one-twelfth of the expected escrow disbursements for the next year.

9. The objection does not explain why it "appears" to the Debtor that Creditor is attempting to collect pre-petition in its post-petition mortgage payment. Of particular note, the Debtor does not challenge the correctness of the expected disbursements over the next year as stated in the escrow statement. She does not even mention the escrow statement at all, even though the statement directly contradicts her factual allegations.

10. Creditor's claim, properly supported by the required documentation, is entitled to prima facie validity. The Debtor must establish contrary facts to overcome this burden. An allegation that Creditor "appears" to be collecting pre-petition escrow in the post-petition payment amount, unsupported by any evidence, is insufficient to rebut Creditor's documentation of its escrow payment calculation. The Debtor's objection is frivolous.

WHEREFORE, Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2006-WL2, Asset-Backed Certificates, Series 2006-WL2 prays that the Debtor's objection to its claim be overruled, and for such other relief as the Court deems just.

/s/ Kenneth W. Bach
Kenneth W. Bach, ARDC #6295816
Attorney for Deutsche Bank National Trust
Company, as Trustee,in trust for registered
Holders of Long Beach Mortgage Loan Trust
2006-WL2, Asset-Backed Certificates, Series
2006-WL2

Kenneth W. Bach
Johnson, Blumberg, & Associates, LLC
230 W. Monroe Street, Suite 1125
Chicago, Illinois 60606
Ph. 312-541-9710
Fax 312-541-9711

**NOTICE:**
THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE